IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF | ) | BK 23-80638 |
| | ) | |
| HEATHER ANN WRIGHT, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

**Order on Objection to Claim**

Attorney Justin Quinn filed a secured claim in the amount of $39,666.13 for services he performed for the debtor in her divorce proceeding. Quinn asserts his claim is secured by an attorney's lien against one-half of the debtor's home obtained from the debtor's former spouse and against child support and attorney's fees awards entered in favor of the debtor. The debtor objects, asserting an attorney's lien, as a general matter, cannot attach to real estate under Nebraska law. This basis of the debtor's objection is denied. Although an attorney does not have a general or possessory attorney's lien against a client's real estate, an attorney's charging lien can attach to real estate that is the subject of and recovered in an action.

Under Nebraska law an attorney does not have a lien for services, "except as provided by statute". *Card v. George*, 299 N.W. 487, 488 (Neb. 1941). Nebraska has an attorney's lien statute. It provides:

> An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; and upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party.

Neb. Rev. Stat. § 7-108. The statute codifies "two types of attorney's liens: a retaining or general lien, and a charging or special lien." *Anderson v. Farmers Co-op. Elevator Ass'n, Inc.*, 874 F. Supp. 989, 991 (D. Neb. 1995). The retaining lien allows an attorney to retain the client's papers and money in the attorney's hands. The retaining lien is a "bargaining chip with which to force a settlement of outstanding fees." *Id*. The retaining lien is not at issue in this case.

The charging lien secures "payment of just charges out of the fruits of [the attorney's] own labor." *Neighbors & Danielson v. W. Nebraska Methodist Hosp.*, 77 N.W.2d 667, 669 (Neb. 1956). The charging lien protects the attorney's claim through "equitable interference of the court". *Id*. The charging lien requires a fund or "some subject matter to which such lien may attach." 23 Williston on Contracts

1

§ 62:11 *Attorney's liens* (4th ed.). The fund or subject matter is the judgment the attorney obtains for the client.

> The special or charging lien is based on natural equity—the client should not be allowed to appropriate the whole of the judgment without paying for the services of the attorney who obtained it. Thus, the charging lien gives the attorney an equitable ownership interest in the client's cause of action, and the client's property right in the client's own cause of action is only that which remains after the attorney is paid.

*Id.* (citations omitted).

An attorney's charging lien can attach to real estate under Nebraska law. Real estate owned by the client may be subject to a charging lien if it was the subject of and "in the hands of the adverse party in an action or proceeding in which the attorney was employed."

> Ordinarily, in the absence of an agreement therefor, a lawyer has no lien as such upon the lands of his clients. However, if properly perfected, he does have a lien upon the judgment or any process of the court, which lien is enforceable by intervention in the original action upon any money *or property* recovered thereby for the satisfaction of his client's claim.
>
> As early as *Griggs and Ashby v. White*, 5 Neb. 467, this court held that: 'An attorney has a lien upon a judgment to the extent of his reasonable fees and disbursements in the suit in which it was obtained. And this right is paramount to the rights of the parties in the suit.' That opinion affirmed a judgment enforcing an attorney's lien *against the lands recovered by the judgment*.

*Tuttle v. Wyman*, 32 N.W.2d 742, 749 (Neb. 1948) (emphasis added).

The court in *Tuttle* definitively held "money" under Nebraska's attorney's lien statute means "wealth" and can include real estate:

> [T]he statute giving an attorney a lien on money in the hands of the adverse party must be liberally construed. The word 'money' is used not only in a specific but also in a comprehensive and general sense, and when so used, as we do here, and in similar cases where money or property or both are recovered by a judgment or its equivalent process of the court, then the word 'means wealth,—the representative of commodities of all kinds, *of lands*, and of everything that can be transferred in commerce' for the satisfaction of a claim so established in litigation.

*Id.* (emphasis added) (citations omitted).

2

To support her contention an attorney's lien cannot attach to real estate, the debtor cites two Nebraska cases preceding *Tuttle*. In the first case, the Nebraska Supreme Court affirmed a trial court, which trial court found "the statutes do not provide for an attorney's lien against real estate." *Marshall v. Casteel*, 8 N.W.2d 690, 691 (Neb. 1943). The court in *Marshall* noted the statute refers to "money", and when the attorney filed his lien, "the land here involved was real estate (not money)". *Id.*

*Marshall* involved an action to quiet title to real estate on which attorney Lee Card claimed an attorney's lien. The facts span twenty years and two reported Nebraska cases, *Marshall v. Casteel*, 8 N.W.2d 690 (Neb. 1943) and *Reed v. Good*, 209 N.W. 619 (Neb. 1926). The real estate upon which attorney Card came to claim a lien was owned by James Good. Mr. Good borrowed $3,000 from C. Harris Reed in March 1920, and gave Mr. Reed a mortgage to the land. In September 1920, Mr. Reed assigned the loan and mortgage to Chadron State Bank. The loan went into default. Despite the assignment, attorney Card filed a foreclosure action for Mr. Reed in June 1923. A foreclosure decree was entered but appealed. The appellate court reversed and remanded for a new trial. In October 1927, after remand, attorney Card filed an attorney's lien. A second foreclosure decree was entered in November 1927. The second foreclosure decree was vacated in January 1928 after the bank intervened and asserted it owned the debt and mortgage. The bank then obtained its own decree and sold the real estate. A sale was confirmed in 1933 to G. Kennedy. Mr. Kennedy conveyed the real estate to Mr. Marshall in February 1941. Marshall filed suit to quiet title against a number of folks, including attorney Card who asserted his attorney's lien. In October 1941, the court quieted title in Mr. Marshall. In denying attorney Card his lien, the Nebraska Supreme Court held, in a somewhat poorly written paragraph:

> The inception of defendant's [Card's] lien rights, if any, must be determined as of the date he filed his claim of lien. At that time the land here involved was real estate (not money), the title to which was in the "adverse party," [the mortgagor] Good, subject to the foreclosure decree. This the defendant recognized when he filed his claim of lien against the decree and the "title affected by the proceedings." *That land never became money in the hands of the adverse party. The legislature, clearly, did not intend that an attorney should have an attorney's lien under such circumstances*. Had they so intended it would have been a simple matter to have so stated the law. The court does not have the power to extend the act by construction beyond its plain terms, so as to give a right to a lien where under the statute no lien right is granted. The plaintiff was entitled to a decree removing the cloud of the claimed lien.

*Id. at* 691–92 (emphasis added).

The "circumstances" upon which the court denied the lien are ambiguous. The debtor asserts the circumstances were that the land was not "money". The circumstances could also be Mr. Good was not adverse to attorney Card's client, Mr.

3

Reed. Mr. Reed did not own the mortgage and was not a proper plaintiff. The circumstances could be attorney Card did not obtain a recovery for Mr. Reed. The recovery was in favor of the bank, which obtained the foreclosure decree. Attorney Card did not represent the bank.

The circumstances could also be Mr. Marshall was a bona fide purchaser and transfers destroyed any attorney lien. *See* Williston on Contracts § 62:11 *Attorney's liens* (4th ed.) (stating an attorney lien is waived when an "innocent third-party purchaser for value has obtained the fruits of the judgment"). This is ultimately the construction the Nebraska Supreme Court later adopted in the case of *Young v. Card*, 18 N.W.2d 302 (Neb. 1945). Therein the court walked back the debtor's reading of *Marshall* when the court described its own holding as "an attorney's lien would not *follow land* after it was sold under a decree". *Id.* at 304 (emphasis added). Notably the court did not find the lien did not "attach" to real estate. The court did not need to reach the issue of whether a lien followed real estate if an attorney's lien never could attach in the first place.

*Young v. Card* also happens to be the second case the debtor cites to support her claim an attorney's lien will not attach to real estate. In *Young* attorney Lee Card was again front and center. The plaintiff, Charles Young, hired attorney Card to foreclose a mortgage. The mortgagor filed for protection under the then existing Frazier–Lemke Farm Bankruptcy Act. During the bankruptcy, the mortgagor offered to deed the real estate to Mr. Young with a one-year lease back provision. Instead of taking the deed in Mr. Young's name, attorney Card took the deed in his own name. Attorney Card then claimed a *possessory*, not a charging, attorney's lien. In denying the possessory lien, the court held:

> The defendants contend that an attorney has a possessory lien upon property of any sort belonging to a client. This court has held in the case brought by Lee Card against Anna Rose George and others, found in 140 Neb. 426, 299 N.W. 487, that an attorney has no lien for services performed by him except such as provided by statute, and that section 7–108, R.S.1943, does not provide for an attorney's lien on real estate owned by his client. *See, also, Marshall v. Casteel*, 143 Neb. 68, 71, 8 N.W.2d 690, 11 N.W.2d 818, in both of which cases the defendant in the instant case appeared.
>
> In the last case cited, we held that an attorney's lien would not follow land after it was sold under a decree. It appears to us that if section 7–108, R.S.1943, does not give an attorney a lien upon any real estate belonging to his client, it certainly would give him no right to take title to land belonging to his client in his own name because his client owed him a fee for foreclosing a mortgage.

*Young v. Card*, 18 N.W.2d at 304.

4

*Young v. Card* followed and built on a third attorney's lien case involving attorney Lee Card. *See Card v. George*, 299 N.W. 487 (1941). In *Card v. George*, attorney Card performed services for Margaret E. Kurt between 1936 to 1938. In May 1938, attorney Card filed an attorney's lien with the county clerk. One month later, Ms. Kurt died. After her death, attorney Card filed an action to foreclose the lien, claiming he had a lien against any real estate Ms. Kurt owned when the lien was filed. The Nebraska Supreme Court held, "The statute does not give an attorney a lien upon any real estate belonging to his client and the claimed lien in this case was a nullity." *Card v. George*, 299 N.W. at 488.

The cases of *Young v. Card* and *Card v. George* do not support the debtor's position an attorney's charging lien cannot attach to real estate. Both cases involved possessory liens. In *Card v. George*, the court construed the lien statute to find the attorney has no general lien against real estate owned by the client. This is the plain reading of the statute. As to possessory liens, the statute gives a charging lien against "papers" and "money" in the attorney's hands. Real estate the client owns is not on the hands of the attorney. Attorney Card sought to get around this rule by improperly taking possession of his client's real estate in *Young v. Card*. Ultimately, the court rejected attorney Card's creative, if not unethical, method of establishing a possessory lien.

## Conclusion

As a general matter, an attorney's charging lien can, under the correct circumstances, attach to real estate under Nebraska law. The holding is limited to this narrow issue. As issues remain, this order is not final for purposes of appeal.

Dated: November 2, 2023

BY THE COURT

/s/ Brian S. Kruse
Bankruptcy Judge